98 P.3d 532 (2004)
123 Wash.App. 502
BANK OF THE WEST, Appellant,
v.
F & H FARMS, LLC; Century 21 Products, Inc., f/k/a C-21 Marketing, Inc.; R & B Properties, LLC; Foglesong Farms, Inc.; William H. Foglesong and Frankie Jo Foglesong; Columbia Regional Economic Development Trust; Randy L. Hirano, Karen A. Hirano, Frances T. Yoshino and Marguerite Yoshino, Defendants,
The McGregor Company, Respondent.
No. 22527-5-III.
Court of Appeals of Washington, Division 3, Panel One.
September 30, 2004.
*533 Aaron J. Bell, Attorney at Law, Canby, OR, for Appellant.
Howard Marshall Neill, Attorney at Law, Pullman, WA, for Respondent.
SWEENEY, J.
We review a trial judge's decision to vacate a summary judgment for abuse of discretion. Here, The McGregor Company did not receive notice of Bank of the West's motion for summary judgment. It did not then appear at the hearing, and the court granted Bank of the West summary judgment. On McGregor's motion and affidavit, the court vacated the judgment. We affirm.

FACTS
Bank of the West sued F & H Farms, LLC, on a debt. Its amended complaint named potential lien holders, including The McGregor Company. McGregor appeared through counsel.
The Bank applied for an order to show cause why it should not be allowed to recover personal property. It served McGregor's attorney by mail. The Bank then moved for summary judgment and again certified that it had mailed a copy of the papers to McGregor. F & H Farms and others moved to continue the hearing. The court continued the hearing. The Bank then filed an amended notice of hearing, which it claimed to have sent to all defendants. McGregor's lawyer did not receive the notice and did not appear. The court granted the Bank's summary judgment motion.
McGregor moved to vacate the judgment based on its lawyer's sworn representation that he did not receive notices of the summary judgment proceedings. The court accepted the representation and vacated the judgment.

DISCUSSION
The standard of review here is abuse of discretion. Pybas v. Paolino, 73 Wash.App. 393, 399, 869 P.2d 427 (1994). Our review then requires us to pass upon the adequacy of the reasons advanced by the trial judge for setting aside this summary judgment. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). Those *534 reasons inhere in the facts of this case. Simply put, the responding lawyer did not get notice of the hearing.
Proof of mailing gives rise to a presumption that the mail was received. Avgerinion v. First Guaranty Bank, 142 Wash. 73, 78, 252 P. 535 (1927). The burden of proof here is on McGregor to show that it did not receive notice of the motion. McGregor showed that. McGregor's lawyer swore under oath that he did not receive notice of the hearing. The weight given to this factual assertion is not for us to decide, it is for the trial court. Colonial Imports v. Carlton N.W., Inc., 83 Wash.App. 229, 239, 921 P.2d 575 (1996). Therefore, the trial court was within its authority to accept the sworn representation of McGregor's attorney that he did not receive notice of the hearing.
Moreover, a lawyer is prohibited from knowingly making a false statement of material fact to the tribunal. RPC 3.3(a)(1). In order to reject McGregor's attorney's assertion, the court would have to reject counsel's assertion as a misrepresentation. The trial judge refused to do that. This was not an abuse of discretion, particularly when the only outcome of accepting the lawyer's representation is to return the matter for argument on the merits. Our system appropriately favors resolution of disputes on the merits. Lane v. Brown & Haley, 81 Wash.App. 102, 106, 912 P.2d 1040 (1996).
There is no prejudice to the Bank. If its loan has priority over the lien of McGregor, then it will prevail. Otherwise it will not prevail, nor should it. This accords with our notion that the object of this exercise is ultimately justice. Griggs v. Averbeck Realty, Inc., 92 Wash.2d 576, 581-82, 599 P.2d 1289 (1979).
McGregor cites a number of cases that address the trial court's discretion to set aside default judgments. The Bank responds that the judgment here was not by default and therefore the more deferential standard for review of default judgments is inappropriate. McGregor's comparison to a default judgment is understandable. Yes, the court granted summary judgment. But it did so without any opposition, argument, or a defense by McGregor. The order was entered without McGregor's knowledge. McGregor had no opportunity to respond because it did not know the hearing was going forward.
This may technically not be a "default," but the underlying legal principles are the same. We are very deferential when we pass upon a court's decision to set aside a default judgment because we want parties to have an opportunity to defend on the merits. City of Des Moines v. $81,231 in United States Currency, 87 Wash.App. 689, 696, 943 P.2d 669 (1997); Lane, 81 Wash.App. at 106, 912 P.2d 1040. These same considerations drove the trial judge's exercise of discretion here. Moreover, the Bank made no more of a showing in support of its motion for summary judgment than it would have been required to do on a motion for default.
McGregor's lawyer here did not receive notice of the Bank's motion for summary judgment. The lawyer signed an affidavit to that effect. These are tenable grounds for the court to set aside a summary judgment which was effectively granted ex parte.
The decision of the trial judge is affirmed.
WE CONCUR: KATO, C.J., and BROWN, J.