IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

WASHINGTON FEDERAL SAVINGS, )
)
Appellant, )
)
v. )
)
MICHAEL P. KLEIN, Personal )
Representative of the Estate of )
ROBERT KLEIN, Deceased, )
)
Respondent. )
)

No. 68749-2-I

ORDER GRANTING
MOTIONS TO PUBLISH
OPINION

Non-parties Dean V. Butler and Sandra L. Perkins, and Respondent Michael P.

Klein have filed motions to publish the opinion filed August 12, 2013. Appellant

Washington Federal Savings has filed responses to both motions to publish. The

hearing panel has considered its prior determination and finds that the opinion will be of

precedential value; Now, therefore, it is hereby

ORDERED that the written opinion shall be published and printed in the

Washington Appellate Reports.

DONE this 11th day of October, 2013.

FOR THE COURT:

Becker, J.

Judge



2013 AUG 12 AM 11:21

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

WASHINGTON FEDERAL SAVINGS, )
                                   )      No. 68749-2-I
          Appellant, )
                                     )      DIVISION ONE
        v. )
                                       )
MICHAEL P. KLEIN, Personal )
Representative of the Estate of )      PUBLISHED OPINION
ROBERT KLEIN, Deceased, )
                                      )      FILED: August 12, 2013
       Respondent. )
_____ )

BECKER, J. — Washington Federal Savings appeals a summary judgment order that dismissed as untimely its creditor claim against a deceased borrower's estate. Washington Federal contends that because it did not receive a copy of the estate's notice to creditors, it was subject to a two-year time bar on creditor claims—which it met—not the far shorter period permitted under RCW 11.40.051(a) to creditors who are given actual notice—which it failed to meet. But the statute requires only proof that the estate's notice was mailed, not proof that it was received. Washington Federal's evidence of nonreceipt does not rebut the estate's proof of mailing. We affirm.

FACTS

In June 2006, appellant Washington Federal Savings, a savings and loan association, loaned $375,000 to Robert Klein, M.D., to buy a condominium unit in

Tacoma, Washington. To secure payment of the promissory note, a deed of trust was recorded against the property.

Three years later, on December 11, 2009, Dr. Klein died at the age of 82. He had not paid off the loan. The balance on the loan was about $350,000. The value of the property had dropped. It is now worth about $200,000.

Dr. Klein's son Michael Klein, respondent herein, became the personal representative of the estate. He opened a probate in King County Superior Court in late December 2009. A notice to creditors was filed with the court and published in two local newspapers in January 2010, in accordance with RCW 11.40.020(1)(a).

Under the probate code, in addition to publishing the notice, an estate may notify known creditors at any time by mailing the notice to the creditor:

> The personal representative may, at any time during the probate proceeding, give actual notice to creditors who become known to the personal representative by serving the notice on the creditor or mailing the notice to the creditor at the creditor's last known address, by regular first-class mail, postage prepaid . . .

RCW 11.40.020(c). A creditor who is given actual notice as provided in RCW 11.40.020(c) must present the claim within 30 days of the personal representative's service or mailing of the notice, or within 4 months of first publication of the notice, whichever is later. RCW 11.40.051(1)(a). If the creditor was not given actual notice despite being reasonably ascertainable, the creditor has 24 months from the decedent's date of death to present the claim. RCW 11.40.051(1)(b)(ii).

2

Washington Federal, a known creditor, presented its creditor claim to the estate on May 10, 2011. This was months after the 30-day time bar had elapsed but still within the 2-year time bar that applies if Washington Federal was not given actual notice. The question in this appeal is whether Washington Federal was given actual notice in the manner required by RCW 11.40.020(c)—i.e., by service or mailing of the notice to creditors.

On January 28, 2011, about a year after the opening of probate, the estate's attorney wrote a letter to Washington Federal stating that a copy of the notice to creditors was enclosed and calling the bank's attention to the statutory time bar provisions. On the same day, the estate filed an "Affidavit of Mailing" with the court in the probate matter. The affidavit was sworn by Anne Favretto, a legal assistant of the law office for the estate's attorney, under seal of notary on the same date. The affidavit states, in full:

> Anne Favretto, first being duly sworn on oath, states that this Affidavit is made on behalf of the personal representative.
> On January 28, 2011, I have given, or caused to have given, the creditors listed on said Exhibit A, actual notice by mailing to the creditor's last known address, by regular first class mail, postage prepaid, a true and correct copy of the notice to creditors filed herein.
>                                                        /s/ Anne Favretto
> SUBSCRIBED AND SWORN to before me this 28th day of January, 2011.
> [signature and stamp of notary]

Exhibit A comprised page two of the affidavit. Washington Federal was one of two creditors listed on Exhibit A.

Under RCW 11.40.051(a), the applicable claims bar was 30 days after the

3

personal representative served or mailed the notice to creditors. The 30-day deadline passed on February 27, 2011, with no response from Washington Federal.

The estate had been making monthly payments of $2,433 on the loan since Dr. Klein's death, while trying to sell the condo. The estate received, and rejected, an offer of $260,000 for the condo in March 2011.

On April 8, 2011, Klein wrote to Washington Federal and offered to give it the deed to the property in lieu of foreclosure. He wished to "turn over the property to Washington Federal . . . and to walk away from" the condo and its related costs. Washington Federal declined.

On April 27, 2011, Klein filed a "Petition for Instructions" asking the court to order Washington Federal to accept his offer of a deed in lieu of foreclosure, in light of its failure to file a timely creditor's claim to any unsecured deficiency above the value of the deed. Klein attached to his petition the January 2011 letter from the estate's attorney, the attached notice to creditors, and the affidavit of mailing by Favretto. Washington Federal claims this was the first time it had ever seen any of these documents. On May 10, 2011, within 30 days, Washington Federal filed a creditor's claim.

Washington Federal also filed an opposition to the petition for instructions. Bank employees Barbara Peten and Betsy Nelson submitted declarations stating that neither they nor anyone else at Washington Federal received the estate's January 2011 letter, that Washington Federal maintained "standard policies and

procedures" for the proper handling of such notices that arrive by mail, and that the April 2011 petition was their first notice that the estate was attempting to avoid liability for any deficiency between the value of the promissory note and the value of Washington Federal's secured deed.

There followed several months of inconclusive litigation concerning the petition for instructions which need not be detailed here. For purposes of this appeal, the next significant event occurred on October 27, 2011, when Klein filed a formal notice rejecting Washington Federal's creditor claim.

Washington Federal then sued the estate for breach of contract, alleging that the personal representative had breached the estate's obligations under the promissory note and the deed of trust. Washington Federal sought to enforce the promissory note against the estate and to collect the deficiency above the value secured by the deed of trust.

The estate moved for summary judgment. The estate argued, in part, that Favretto's mailing of the notice to creditors in January 2011 constituted an affirmative defense to any unsecured claim against the estate by Washington Federal because the lender had not filed its claim within 30 days after that notice was mailed.

The court granted the estate's motion on April 11, 2012, reasoning that the notice mailed in January 2011 with the letter from the estate's attorney was enough to start the clock ticking. The court awarded the estate its attorney fees and costs, totaling $12,045. This appeal followed.

5

When reviewing an order granting summary judgment, this court engages in the same inquiry as the trial court, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is appropriate if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one on which the outcome of the litigation depends. Zedrick v. Kosenski, 62 Wn.2d 50, 54, 380 P.2d 870 (1963).

The party opposing a motion for summary judgment may not rely on speculation, argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986). The party must set forth specific facts rebutting the moving party's contentions and disclose that a genuine issue as to a material fact exists. Seven Gables, 106 Wn.2d at 13.

Washington Federal rests its case on its claim that it never received the documents mailed by the estate's legal team in January 2011. The evidence Washington Federal submits are affidavits by two of its employees stating that the documents were never received and detailing the careful procedures that have been put in place to ensure that mail does not get lost.

If Favretto's affidavit proves mailing of the notice—an issue we will address below—these affidavits do not rebut it. A creditor's claimed nonreceipt

of a probate notice is not material to proving actual notice. Had proof of receipt been of concern to the legislature, it could have so provided. Just such a requirement exists in the mortgage foreclosure context, for example, where the legislature requires creditors to transmit notices of foreclosure sale "*by both* first-class *and* either certified or registered mail, return receipt requested." RCW 61.24.040(1)(b) (emphasis added). Actual notice under RCW 11.40.020(c) is accomplished by mailing, without regard to proof of receipt.

And proof of receipt is not necessary to satisfy due process. Under most circumstances, notice sent by ordinary mail satisfies due process because it is deemed reasonably calculated to inform interested parties of an impending action. Weigner v. New York, 852 F.2d 646, 650 (2d Cir. 1988), cert. denied, 488 U.S. 1005 (1989); Tulsa Prof'l Collection Srvs. v. Pope, 485 U.S. 478, 490, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988); Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983).

The Mississippi and Kansas cases cited by Washington Federal do not establish a rule that due process requires proof of receipt. One would have to lift sentences out of context in order to give them that interpretation. In the Kansas case, there was no issue as to whether an affidavit of mailing was adequate to prove receipt; indeed, the record was "void of any evidence" that the creditor "was ever notified" of the probate, by mailing or otherwise. In re Estate of Reynolds, 266 Kan. 449, 970 P.2d 537, 545 (1998). Nor was there a live dispute as to mailing versus receipt in the Mississippi case. There, the court presumed

7

that a mailed notice was a received notice; it described the affidavit of mailing as listing "creditors *who received notice by mail*." In re Estate of Petrick, 635 So. 2d 1389, 1390 (Miss. 1994) (emphasis added).

Washington Federal's essential argument on appeal is that Favretto's affidavit was inadequate to prove that the estate mailed notice. Washington Federal argues Favretto's use of the wording "have given, or caused to have given" creates ambiguity as to <u>who</u> actually placed the document into the mail, and <u>whether</u> such a person ever did, in fact, mail the document.

Klein contends that Washington Federal failed to preserve a challenge to the adequacy of Favretto's affidavit. "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. "The appellate court may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). As a general matter, an argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal. Sourakli v. Kyriakos, Inc., 144 Wn. App. 501, 509, 182 P.3d 985 (2008), review denied, 165 Wn.2d 1017 (2009).

Klein is correct that Washington Federal's position on appeal has evolved from its position in the trial court. Washington Federal's summary judgment opposition brief did not mention Favretto's name, and it made only an oblique reference to her affidavit.

8

> [E]videntiary issues exist with respect to the P.R.'s ostensible proof of his attorney's assistant's actions. *Indeed, Mr. Klein's Declaration is internally inconsistent, indicating that both his lawyer, and his lawyer's assistant "gave . . . direct notice," and/or "given, or caused to have given,"* such notice to WaFed.
>
> It is not up to the Court or WaFed to read between the lines and attempt to ascertain which of the multiple possibilities actually occurred – if any; rather it is the Estate's burden to prove the material facts. Even were the Estate to belatedly attempt establishing a foundation for its P.R.'s knowledge of WaFed's ostensible service, given the existing contradictions in his testimony that evidence should be accorded very little weight.

Clerk's Papers at 170 (some emphasis added) (alteration in original) (footnotes omitted). Washington Federal's motion for reconsideration similarly failed to confront Favretto's affidavit directly.

For the sake of argument, we will assume the challenge to Favretto's affidavit was not waived. The question, then, becomes whether her affidavit established prima facie proof of "mailing the notice" to Washington Federal as required by RCW 11.40.020(c). Favretto declared, "I have given, or caused to have given, the creditors listed on said Exhibit A, actual notice by mailing to the creditor's last known address, by regular first class mail, postage prepaid, a true and correct copy of the notice to creditors filed herein."

Zeroing in on the phrase, "or caused to have given," Washington Federal argues it means that Favretto is unable to claim personal knowledge that the document was mailed:

> Even accepting the affidavit at face value, the letter and notice may well have been given to someone else to mail or handle—but there is no declaration from any such person as to their actions or confirming mailing. That alone establishes the existence of a

9

genuine issue of material fact as to whether "actual notice" was given.

Brief of Appellant at 27 (emphasis omitted). According to Washington Federal, Favretto's affidavit raises a reasonable inference that no one accomplished the mailing.

We reject this argument. It is not uncommon for declarations of mailing to use phrases signifying that the declarant has "caused" an important document to be mailed. Use of this passive voice construction abounds in statutes that describe a party's obligation to give notice. See, e.g., RCW 61.24.040(1)(b) ("At least ninety days before the sale, . . . the trustee shall . . . *cause* a copy of the notice of sale . . . *to be transmitted*") (emphasis added); RCW 23B.15.100(3) ("the secretary of state shall immediately *cause* a copy thereof *to be forwarded* by certified mail") (emphasis added).

What these usages recognize is that "mailing" a notice is not a single, complete act. Mailing a notice refers to a series of linked actions, any one of which, hypothetically, is fallible. To prove mailing in accordance with RCW 11.40.020(c), if it is not enough for a legal assistant to say that she "caused" actual notice to be given by mailing, then what is enough? Must she say that she personally took the document to the mail room? Or that she personally put it on the mail truck or in an official postbox? No. The familiar standard of "reasonably calculated to apprise" encompasses the remote possibility that any one of these links may break down in a given case. The office messenger may drop the envelope into the dustbin on the way to the mail room; the wind may blow it off

10

the truck into the street; or a careless postal employee may direct it to the dead letter office. The fact that mailed notice satisfies due process reflects a judgment that such mistakes are very rare.

So, when a legal assistant declares that she has "given, or caused to have given" a creditor actual notice by mailing, it is reasonable to accept her statement as prima facie proof of mailing. To refute such a declaration, a creditor must do more than swear that the mail never arrived.

We conclude Washington Federal has not raised a genuine issue of material fact as to the mailing of the notice to creditors on January 28, 2011. The trial court did not err in concluding that the creditor claim is time barred.

The promissory note contains an attorney fee provision. The trial court awarded the estate attorney fees and costs under this provision totaling $12,045. The estate is similarly entitled to an award of attorney fees as the prevailing party on appeal, subject to compliance with RAP 18.1.

Affirmed.

Becker, J.

WE CONCUR:

Cox, J.

11