# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LOST LAKE RESORT CONDOMINIUM ASSOCIATION, a Washington nonprofit corporation, | No. 54365-6-II |
| Appellant, | |
| v. | |
| LOST LAKE RESORT, LLC, a Washington limited liability corporation; LOST LAKE DEVELOPMENT, LLC, a Washington limited liability corporation; BRENT McCAUSLAND and JANE DOE McCAUSLAND, and the marital community comprised thereof; and DAVID BLOCK and JANE DOE BLOCK, and the marital community comprised thereof, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, J. — Lost Lake Resort Condominium Association (Association) appeals the summary judgment dismissal of its suit against Lost Lake Development, LLC (LLD), Lost Lake Resort, LLC (LLR), David Block, and Brent McCausland for breach of contract. The trial court determined that the Association did not have authority under the condominium's governing declaration to maintain the suit and dismissed it with prejudice. The Association argues that the declaration grants it authority to institute legal proceedings for the purpose of tolling the statute of limitations and that any limitation on this authority is unenforceable. It further argues that the court erred in dismissing the case with prejudice. We conclude that the Association did not have

authority under the declaration to maintain its suit, but the court erred in dismissing with prejudice. We vacate and remand for the court to enter an order dismissing without prejudice.

FACTS

Lost Lake Resort (Resort) is a recreational vehicle (RV) park condominium development located in Thurston County. It is governed by a declaration and covenants, conditions, restrictions and reservations (declaration) and managed by a board of directors (board). The underlying dispute surrounds a contract[1] to make improvements and repairs to the Resort in exchange for the forgiveness of dues, liens, or assessments owed on two lots that are within the Resort. Block and McCausland are involved because the subject lots are owned by LLD and LLR, which are owned by LLRIG TWO, LLC, which in turn is owned by Block and McCausland.

The Association filed suit on March 6, 2019, alleging that Block and McCausland failed to perform their obligations under the contract. The Association proceeded with discovery and engaged in motions practice. In September 2019, Block and McCausland filed a motion for summary judgment, arguing that the board failed to comply with procedures outlined in section 10.12.3 of the declaration for maintaining legal proceedings. Because it lacked unit owner approval, Block and McCausland asserted that the board did not have authority to continue to litigate on behalf of the Association.

Section 10.12 of the declaration sets limitations on the Association's authority to litigate on behalf of itself; section 10.12 describes exemptions to the limitations. It states in relevant part:

> 10.12.1 The term "Legal Proceedings" as used herein shall include litigation, Administrative mediation, arbitration or other proceedings in the name of the Association on behalf of itself or two or more Unit Owners on matters affecting the Condominium.

---

[1] The merits of the formation, existence, or enforceability of the contract are not before us. Any reference to the contract in this opinion is limited to providing context for the legal issues addressed herein and does not suggest that we have concluded that a "contract," as a legal term of art, exists.

10.12.2 The provisions of this Section 10.12 shall not apply to Legal Proceedings, as a result of which the Association could not be held responsible for costs of suit (including fees for attorneys, experts, witnesses, investigations and other costs of suit) in a [sic] aggregate amount of not more than $5,000 (including without limitation fees contingent on a result), and which involve:

. . . .

(e) the filing of a complaint, answer or other pleading for the limited purpose satisfying [sic] a statute of limitation deadline, avoiding entry of a default order or judgement, or preventing personal injury or serious harm to the Condominium (if such purpose is certified in good faith by the Association's attorney), but except for this limited purpose the other conditions of Section 10.12 must be satisfied.

10.12.3 In order for the Association (or the Board acting on behalf of the Association) to institute, defend, or intervene in Legal Proceedings, and in order for the Association to become obligated in the aggregate sum in excess of $5,000, to professionals, consultants or other experts in connection with Legal Proceedings, the following conditions must first be satisfied:

(a) the Board has received a detailed, written summary ("Litigation Summary") concerning the substance of the proceeding.

. . . .

(c) A copy of the Litigation Summary Shall be transmitted to all Owners. . . .

(d) The Owners holding eighty percent (80%) of the total Association voting power must grant approval for the Association . . . to institute, defend, or intervene in legal proceedings.

Clerk's Papers (CP) at 78-79.

In support of the motion for summary judgment, Block and McCausland filed a declaration from Block stating that he, in his capacity as a member of the Association, had not received a litigation summary, and no owner approval was requested by the board.

In response, the Association argued that section 10.12.2(e) of the declaration created an exception to the procedures outlined in 10.12.3 for actions filed for the purpose of preserving the

statute of limitations. The Association asserted that it filed the suit for the purpose of preservation of its position, so it did not need to comply with the provisions of 10.12.3.

The court entered an order granting Block and McCausland's motion for summary judgment, dismissing the suit with prejudice. The Association appeals.

## ANALYSIS

### I. LEGAL PRINCIPLES

We review a trial court's decision to grant summary judgment de novo. *Mohr v. Grantham*, 172 Wn.2d 844, 859, 262 P.3d 490 (2011). In doing so, we perform the same inquiry as the trial court and will affirm the trial court's decision if "'there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013) (quoting *Qwest Corp. v. City of Bellevue*, 161 Wn.2d 353, 358, 166 P.3d 667 (2007)).

As a general matter, an argument not pleaded or argued to the trial court cannot be raised for the first time on appeal. RAP 2.5(a); *Wash. Fed. Sav. v. Klein*, 177 Wn. App. 22, 29, 311 P.3d 53 (2013). The purpose underlying the rules of issue preservation is to encourage the efficient use of judicial resources by ensuring that the trial court has the opportunity to correct any errors, thereby avoiding unnecessary appeals. *State v. Robinson*, 171 Wn.2d 292, 304-05, 253 P.3d 84 (2011).

### II. AUTHORITY UNDER THE DECLARATION

The Association argues that the court erred in granting Block and McCausland's motion for summary judgment on the basis that the Association had no authority to bring the suit. It asserts that the declaration authorizes the Association to, as it did here, file a suit to satisfy a statute of limitations deadline without complying with the procedures in section 10.12.3.

Block and McCausland argue that the exception outlined in section 10.12.3 applies only to filing a complaint for the limited purpose of avoiding the statute of limitations. They contend that this limited purpose does not include participating in discovery or filing responses to motions. They further argue that because the board did not complete the required procedures after filing for that limited purpose, it did not have the authority to maintain the action on behalf of the Association. We agree with Block and McCausland.

Generally, a condominium association may "[i]nstitute, defend, or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the condominium." RCW 64.34.304(1)(d). However, an association's powers are "subject to . . . the [condominium] declaration." RCW 64.34.304(1).

A condominium declaration is like a deed, the review of which is a mixed question of law and fact. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). "The factual issue is the declarant's intent, which we discern from the face of the declaration. The declaration's legal consequences are questions of law, which we review de novo." *Id.* (internal citation omitted). "[W]e determine the intent of the parties from the language of the [declaration] as a whole." *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 56, 64, 277 P.3d 18 (2012).

The Association's arguments depend on the interpretation of section 10.12.2(e) and what actions are exempted from the requirement that the Association obtain owner approval. The parties present different interpretations of when sections 10.12.2 and 10.12.3 apply. Therefore, we must construe the declaration. To do so, we first look to the plain language of the provision to determine what actions it exempts and then look to whether the Association's actions fit within that

5

exemption. *Pritchett v. Picnic Point Homeowners Ass'n*, 2 Wn. App. 2d 872, 881, 413 P.3d 604 (2018).

The Association maintains that the limitations on authority in section 10.12 only apply to lawsuits that would result in the Association being obligated for legal costs over $5,000. It further maintains that regardless of costs, the exemptions listed in 10.12.2 allow litigation without fulfilling the conditions in 10.12.3 (e.g. approval by the owners).

A close reading of section 10.12.2 reveals that the limitations in the rest of 10.12 do not apply to proceedings for which the Association would have to pay costs totaling *less than* $5,000 *so long as* the actions taken amount only to those listed in the remainder of 10.12.2. [2]

Section 10.12.2(e) lists specific actions the Association is allowed to take without performing the procedures in 10.12.3 to obtain owner approval. Simply put, to avoid the requirements of obtaining owner approval, the legal proceeding must be one where (1) the Association will incur costs of suit less than $5,000 and (2) which involves only "the filing of a complaint, answer or other pleading for the limited purpose [of] satisfying a statute of limitation deadline." CP at 78. Both conditions must be met to allow the Association to proceed without owner approval. This is the plain meaning of section 10.12.2.

---

[2] The meaning of 10.12.2 becomes clear when reading it within the context of the entirety of section 10.12. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 713, 334 P.3d 116 (2014) (we view contracts as a whole by interpreting particular language in the context of other provisions). In particular, section 10.12.2, which refers to proceedings bearing costs of "*not more than* $5,000" stands in contrast with section 10.12.3's "sum *in excess* of $5,000." The first section applies to legal proceedings costing less than $5,000 and the second to proceedings costing more than $5,000.

But the costs of suit are immaterial here because the Association engaged in more litigation activity than allowed by section 10.12.2(e). As previously discussed, the exemption for low cost (i.e. less than $5,000) litigation activities only applied if both the total costs were low and the Association engaged in only limited activities. The Association engaged in more than the limited activities allowed in section 10.12.2(e). The exemption from seeking owner approval did not apply. We already know that if costs exceeded $5,000, section 10.12.3 would apply, and thereby owner approval would be required.

Curiously, the Association argues that section 10.12.2(e) does not limit it to only filing a complaint. It asserts that the dictionary defines "involve" as "includes as a part." Appellant's Reply Br. at 7. And because there is no explicit prohibition otherwise, it argues that it can commence a legal proceeding which "includes as a part" filing a complaint for the purpose of avoiding a statute of limitations deadline and taking other action such as serving the complaint and summons, defending a motion for summary judgment, and complying with court rules and orders. It argues that Block and McCausland's reading of 10.12.2(e) would produce an "absurd" result where the Association would automatically have to accept dismissal because it could not do anything beyond filing a complaint. Reply Br. of Appellant at 7.

The Association's reading is contrary to a plain reading of section 10.12.2(e), which lists three specific actions than may be taken without obtaining authority: filing a complaint, answer, or pleading. 10.12.2(e) reiterates: "but except for this limited purpose," i.e., filing a complaint to satisfy the statute of limitations deadline, "the other conditions of Section 10.12 must be satisfied." CP at 78. Under the Association's reading, section 10.12.2(e) would be a nullity because every lawsuit "includes as a part" the filing of a pleading—the exception would swallow the rule.

Additionally, we discern the declarant's intent from the face of the declaration. *Woodcreek Homeowners Ass'n*, 169 Wn.2d at 526. The face of the declaration at issue here expresses a clear intent: to require the Association to obtain approval from unit owners before it has the authority to engage in a legal proceeding that may obligate it to pay more than $5,000. The Association must obtain approval because unit owners will be obligated should the litigation result in a judgment against the Association. RCW 64.34.368(1) ("A judgment for money against the association . . . is a lien in favor of the judgment lienholder against all of the units in the condominium and their interest in the common elements"). And, the Association has the authority to levy "[a]ssessments to pay a judgment against the association pursuant to RCW 64.34.368(1)." RCW 64.34.360(4). Because the Association's litigation is funded by assessments paid by owners, the declaration gives owners a say in whether or not the Association can file suit on their behalf.

The Association argues that our reading of 10.12 will lead to the absurd result of dismissal because it cannot respond to a motion. But the intent of the declarant is to allow the Association to act quickly to ensure it does not lose the opportunity to institute legal proceedings due to the running of the statute of limitations. Expanded litigation beyond this limited purpose, even motions practice, requires owner approval. Requiring owners to approve litigation that will result in outlay of additional funds is not absurd. Moreover, the Association has an alternative to accepting dismissal: obtaining owner approval at an early juncture.

While the Association was permitted to *file a complaint* for the purpose of tolling the statute of limitations, it had to obtain owner approval to preserve its authority to maintain the suit. Because it did not, we conclude that the trial court properly granted the motion for summary judgment.

8

III.    PROVISION UNENFORCEABLE

The Association argues that the limitation on its power to commence litigation is unenforceable.  It contends that the Condominium Association Act, chapter 64.34 RCW, provides a general cause of action or claim for relief for failure to comply with the Act (or the declaration or bylaws) to any person.  It further contends that any right or obligation declared by the Act is enforceable by judicial proceeding, and that the right to bring a proceeding to enforce the Act cannot be waived.  Because this argument is raised for the first time on appeal, we decline to consider it.  RAP 2.5(a); *Klein*, 177 Wn. App. at 29.

IV.    DISMISSAL WITH PREJUDICE

The Association argues that the trial court erred by entering a dismissal with prejudice because it did not consider the merits of the Association's claims.  It argues that the court's dismissal was based on the fact that the Association lacked authority to bring suit, and dismissal with prejudice precludes it from filing again if it obtains the authority to do so.  We agree.

A dismissal with prejudice appropriately follows an adjudication on the merits, while a dismissal without prejudice means that the existing rights of the parties are not affected by the dismissal but are as open to legal controversy as if no judgment or dismissal had been entered. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 866 n.10, 93 P.3d 108 (2004); *Maib v. Maryland Cas. Co.*, 17 Wn.2d 47, 52, 135 P.2d 71 (1943).

By comparison, under the court rule governing involuntary dismissals, a dismissal for lack of jurisdiction, improper venue, or failure to join a party is without prejudice.  CR 41(b)(3).  There

are other instances where dismissal without prejudice is appropriate: "For example, a dismissal on the ground that the action was premature or was brought by the wrong plaintiff should not, on principle, be considered as a dismissal operating as an adjudication on the merits." 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 23:16, at 55 n.12 (2d ed. 2009).

The court did not reach the merits of the underlying breach of contract claim. It dismissed the case because the Association did not have authority to maintain the suit. The dismissal should have been without prejudice because it was not on the merits. Therefore, we conclude that the court erred and vacate and remand for proceedings consistent with this decision.

## ATTORNEY FEES

Block and McCausland request an award of attorney fees on appeal under RAP 18.1 and RCW 64.34.455 because it is the prevailing party.

Under RAP 18.1 we may award reasonable attorney fees to the prevailing party on appeal if allowed under applicable law. RCW 64.34.455 states "If a declarant or any other person subject to this chapter fails to comply with any provision hereof or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply *has a claim for appropriate relief*. The court, in an appropriate case, may award reasonable attorney's fees to the prevailing party." (Emphasis added.)

Because the board failed to comply with the provision of the declaration governing legal proceedings, under RCW 64.34.455 Block and McCausland are entitled to reasonable attorney's fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Cruser, J.