**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| WELLSPRING FAMILY SERVICES, Washington nonprofit corporation, | ) ) ) | No. 82128-8-I |
| Respondent, | ) ) | |
| v. | ) ) | DIVISION ONE |
| NANCY R. OWEN, a Washington resident, | ) ) ) | |
| Appellant. | ) ) ) | UNPUBLISHED OPINION |
| | ) | |

MANN, C.J. — Nancy Owen appeals the trial court's order granting Wellspring Family Services' (Wellspring) CR 12(b)(6) motion to dismiss. Owen argues that the trial court erred in dismissing her counterclaim that Wellspring's Agreement Regarding Outside Employment and Nonsolicitation (Nonsolicitation Agreement) violated RCW 49.62's prohibition on noncompetition covenants. We affirm.

<u>FACTS</u>

In November 2009, Wellspring hired Owen as a mental health therapist at its Seattle facility. Owen's employment was subject to Wellspring's Nonsolicitation Agreement. The Nonsolicitation Agreement restricted Owen from providing outside

services to any Wellspring client for a period of 12 months following the termination of her employment from Wellspring.

On December 29, 2017, Owen resigned from Wellspring. Following her resignation, Owen provided therapy services to former Wellspring clients at her new private practice, Fierce Waterfall, PLLC. Wellspring contacted Owen to determine if there were sound clinical reasons for her to continue to see the former Wellspring clients in violation of the Nonsolicitation Agreement.

Owen provided no reasons for providing therapy to former Wellspring clients. Wellspring brought suit seeking enforcement of its Nonsolicitation Agreement and corresponding damages as a result of Owen's breach. In response, Owen advanced a counterclaim wherein she asserted that the terms of the Nonsolicitation Agreement violated RCW 49.62's prohibition on noncompetition covenants.

Wellspring moved to dismiss Owen's counterclaim. In granting Wellspring's motion, the trial court held that RCW 49.62 specifically excludes from its application the Nonsolicitation Agreement at issue.

Owen appeals.

ANALYSIS

A. Standard of Review

We review an order granting a motion to dismiss under CR 12(b)(6) de novo. Jackson v. Quality Loan Serv. Corp., 186 Wn. App 838, 843, 347 P.3d 487 (2015). Dismissal under CR 12(b)(6) is appropriate in those cases where the plaintiff cannot prove any set of facts consistent with the complaint that would entitle the plaintiff to relief. Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995). "[A]ny

hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim." Bravo, 125 Wn.2d at 756. We presume all facts alleged in the plaintiff's complaint are true. Tenore v. AT & T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998). We need not, however, accept the complaint's legal conclusions on appeal. Haberman v. Washington Pub. Power Supply Sys. 109 Wn.2d 107, 120, 744 P.2d 1032 (1987).

Statutory interpretation is a question of law reviewed de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.2d 4 (2002). The ultimate goal of interpretation is to ascertain and carry out the intent of the legislature. Campbell & Gwinn, 146 Wn.2d at 9.

If possible, courts "must give effect to [the] plain meaning [of a statute] as an expression of legislative intent." Campbell & Gwinn, 146 Wn.2d at 9. Courts derive plain meaning from the context of the entire act as well as any "related statutes which disclose legislative intent about the provision in question." Campbell & Gwinn, 146 Wn.2d at 11. If a statute is unambiguous, courts need not consider outside sources. State v. Delgado, 148 Wn.2d 723, 717, 63 P.3d 792 (2003).

B. Nonsolicitation Agreement

Owen argues that the Nonsolicitation Agreement violates Washington's prohibition on noncompetition covenants, chapter 46.62 RCW.[1] We disagree.

RCW 42.62.020(1) provides that a noncompetition covenant is void and unenforceable against an employee unless the employer discloses the terms of the

---

[1] Owen argues for the first time on appeal that the Nonsolicitation Agreement is a contract of adhesion. We need not review claims of error not raised before the trial court. RAP 2.5(a); Washington Fed. Sav. v. Klein, 177 Wn. App. 22, 29, 311 P.3d 53 (2013).

covenant to the employee no later than the time of the acceptance of employment or, if the covenant is entered into at a later date, the employer provides separate consideration for the covenant. A "noncompetition covenant"

> includes every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind. A "noncompetition covenant" does not include: (a) A nonsolicitation agreement.

RCW 49.62.010(4).

The statute unambiguously provides that a noncompetition covenant does not include a "nonsolicitation agreement." A "nonsolicitation agreement" means:

> an agreement between an employer and employee that prohibits solicitation by an employee, upon termination of employment . . . of any customer of the employer to cease or reduce the extent to which it is doing business with the employer.

RCW 49.62.010(5). The Nonsolicitation Agreement between Wellspring and Owen falls squarely within this definition.

> The Nonsolicitation Agreement states:
>
> 3.1 Client Restriction: Except as expressly provided in this Agreement, Therapist hereby agrees that for a period commencing on the date hereof and ending twelve (12) months following the termination or expiration of his or her employment with Employer (the "Restrictive Period"), he or she shall not provide services in Outside Practice to any Client of Wellspring Family Services except as expressly set forth herein, and shall not solicit any Client for Therapist's Outside Practice.

The Agreement then contemplates exceptions where there could exist sound clinical reasons why a therapist may continue to see a Wellspring client and a fee sharing arrangement for such a situation.

Owen contends that the Nonsolicitation Agreement falls outside of the statutory definition and is instead a prohibited noncompetition covenant. She supports her contention by directing us to the definition of "client" which states:

> For purposes of this Agreement a "Client" of Wellspring Family Services shall mean any person who is currently receiving, or who has received with the 12 months prior, any services from Therapist through Wellspring Family Services.

Owen argues that Wellspring's definition of "client" contradicts RCW 49.62.010's definition of "customer" and was therefore intended to expand the definition of a client to encompass former clients for no real purpose other than to restrain competition. Owen offers no legal support for her argument.

Moreover, even if were to accept Owen's characterization of the Nonsolicitation Agreement as a noncompetition covenant, not all noncompetition covenants are unenforceable. Under RCW 49.62.020 a noncompetition covenant is enforceable where: (1) the terms of the agreement were disclosed no later than when the offer was accepted; (2) the employee's earnings exceed $100,000 per year; and (3) the employee was not laid off. RCW 49.62.020(1)(a)-(c); A Place for Mom v. Perkins, 475 F. Supp. 3d 1217, 1227 (W.D. Wash. 2020). Owen offers no argument to explain why the Agreement is not still enforceable under RCW 49.62.020(1). We will not consider an inadequately briefed argument. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

Based on the record and argument before us, the trial court did not err in dismissing Owen's claim.

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____

_____