# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STANLEY J. RUGH, | No.  56958-2-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| FRED MEYER STORES, | |
| Respondent. | |

PRICE, J. — Stanley Rugh appeals the superior court's dismissal of his appeal of an order by the Board of Industrial Insurance Appeals (Board).  The superior court determined Rugh failed to serve his appeal timely.  Rugh argues the superior court erred because his counsel timely served by mail the notice of appeal on the attorney for Fred Meyer Stores (Fred Meyer), the director of the Department of Labor and Industries (Department), and the Board.  We agree with Rugh and reverse.

## FACTS

Rugh filed a workers' compensation claim related to his employment with Fred Meyer in September 2019.  Following an adverse decision by the Department, Rugh filed a petition for review to the Board.  The Board denied Rugh's petition on August 19, 2021, and he received the order four days later on August 23.

On September 2, Rugh filed a notice of appeal and certificate of service with the clerk for Clark County Superior Court.  Rugh's certificate of service stated under penalty of perjury that the

notice of appeal was served by mail to the Department, the Board, and the attorney of record for Fred Meyer[1] on September 2.

On September 29, Rugh was informed that the Department, the Board, and the attorney of record for Fred Meyer did not receive the mailed notices of appeal. The same day, Rugh's attorney, Douglas Palmer, emailed Fred Meyer's attorney a copy of the notice of appeal and faxed a copy to the Department and the Board.

Fred Meyer moved to dismiss Rugh's appeal under CR 41(b), stating that Rugh failed to "timely perfect his appeal pursuant to RCW 51.52.110."[2] Clerk's Papers (CP) at 18. Fred Meyer argued Rugh did not effectively serve by mail the notice of appeal and, therefore, his appeal was not perfected. In support of its motion, Fred Meyer included declarations from a Department employee, a Board employee, and an employee of Fred Meyer's attorney, all stating that by September 29, 2021, no one had received a notice of appeal by mail.

Rugh responded that his counsel did, in fact, mail the notices of appeal, notwithstanding the lack of receipt. Rugh contended that the act of placing the notices in the mail was sufficient to serve the parties.

Rugh supported his response with declarations from three individuals. First, Rugh's attorney, Palmer, declared that he filed the notice of appeal with the Clark County Superior Court clerk's office. When Palmer returned with the conformed copy of the notice of appeal, he gave

---

[1] Fred Meyer is a self-insured employer and, therefore, is entitled to service of the notice of appeal. RCW 51.52.110.

[2] Discussed in more detail below, RCW 51.52.110 governs the process of appeal to superior court and generally requires service by mail within 30 days after a decision of the Board.

the copy to his legal assistant, Karen Rivera, to make copies to mail out. Palmer then explained

the standard practice in his office as follows:

> 4. . . . [F]ollow the method of communication identified on the Certificate of Service. If it indicates first class mail, then it is sent via first class mail[.]
>
> 5. . . .[A]ll outgoing mail is placed in an open bin on a table that is immediately opposite Ms. Rivera's work station and desk.
>
> 6. . . . Ms. Rivera and Ms. Gutierrez alternate weeks on who is responsible for taking the mail to the blue boxes in front of the downtown Vancouver post office.
>
> 7. . . . [W]homever is responsible for taking the mail is to review each envelope to ascertain that postage is attached to each envelope prior to leaving the office. They are then to take a rubber band and place it around the envelopes to ensure they stay together in their car.
>
> 8. They typically leave between 4:15 to 4:30 a.m. [sic] drive the 5-10 minutes to the downtown Vancouver Post Office. . . .

CP at 32-33. Palmer concluded his declaration by stating:

> 16. To my knowledge and belief, my office followed its procedure and provided all copies of its Notice of Appeal, properly addressed to the Department of Labor & Industries, the Board of Industrial Insurance Appeals, and to Mr. White to the United States Postal Service on September 2, 2021.

CP at 34.

Second, Rivera provided a declaration in which she stated that when Palmer returned from

filing the notice of appeal with the Clark County clerk, she made three copies of the notice. Rivera

placed the copies of the notice into addressed envelopes, with the copy to the Board going in a

large white envelope. Rivera weighed the envelopes and applied the correct postage to each

envelope. She then placed all of the envelopes into a bin for outgoing mail. Rivera remembers

discussing the envelopes with another legal assistant, Maggie Gutierrez. Rivera recalls that

3

Gutierrez picked up the envelopes for Rugh's appeal and verified they were addressed and stamped.

Third, Gutierrez provided a declaration in which she recalled checking the postages and addresses of the envelopes containing the notices. Gutierrez placed a rubber band around the envelopes, drove to the downtown Vancouver post office, and placed the envelopes in the blue mail box before 5:00 p.m. on September 2, 2021. Gutierrez specifically recalled that one of the envelopes placed in the mailbox was a large white envelope and it was memorable that the outgoing mail included a large white envelope on that day because that type of envelope was unusual.

Following review of the evidence and the oral argument of the parties, the superior court granted Fred Meyer's motion to dismiss. The superior court did not enter findings of fact and conclusions of law, and its written order did not otherwise explain why it dismissed Rugh's appeal or specify under which court rule it made its decision.[3]

## ANALYSIS

Rugh argues that the trial court erred in dismissing his appeal because, with his declarations, he established that he served the notices of appeal by mail as required by law. Fred Meyer argues that whether Rugh mailed the notices is disputed, and its non-receipt of the mailed notice rebutted the presumption that Rugh mailed the notices. We agree with Rugh.

A CR 12(b)(5) motion to dismiss is the proper avenue to challenge sufficiency of service. *See Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe LLC*, 116 Wn. App. 117, 120,

---

[3] The record on appeal does not include any report of proceedings for the oral argument or the superior court's oral ruling.

64 P.3d 656 (2003), *review granted*, 150 Wn.2d 1025 (2004).  Under the analogous federal rule, dismissals based on lack of timely service are reviewed for an abuse of discretion.  *See Sims v. City of Philadelphia*, 552 Fed. Appx. 175, 177 (3d Cir. 2014); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: FEDERAL RULES OF CIVIL PROCEDURE § 1353 (3d ed. 2004).  "The trial court abuses its discretion when its 'decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' "  *Lewis v. Simpson Timber Co.*, 145 Wn. App. 302, 328, 189 P.3d 178 (2008) (internal quotation marks omitted) (quoting *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006)).

Review of workers' compensation cases is governed by the Industrial Insurance Act, Title 51 RCW.  *Rogers v. Dep't of Lab. & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355, *review denied*, 167 Wn.2d 1015 (2009).  RCW 51.52.110 governs the process to appeal a decision of the Board to the superior court.  In relevant part, RCW 51.52.110 states:

> Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker, beneficiary, employer or other person, . . . such worker . . . may appeal to the superior court.  If such worker, beneficiary, employer, or other person fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.
>
> . . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and *by serving a copy thereof by mail*, or personally, on the director and on the board.  If the case is one involving a self-insurer, a copy of the notice of appeal *shall also be served by mail*, or personally, on such self-insurer. . . .

(Emphasis added).  Notably, the statute does not include a requirement for proof of receipt to complete service.

Rugh argues that case law supports his position that service should be considered complete when the notices are placed in the mailbox, citing *Vasquez v. Department of Labor & Industries,*

44 Wn. App. 379, 722 P.2d 854 (1986). In *Vasquez*, Division Three of this court considered the language of RCW 51.52.110 in the context of when notices were mailed before the 30-day deadline, but received after the deadline. *Id*. at 384. The court held that service was complete upon mailing. *Id.* ("Because 'delay *and even the loss of lawsuits* [should not be] occasioned by unnecessarily complex and vagrant procedural technicalities,' substantial compliance with procedural rules is sufficient to invoke the general as well as the RCW 51.52.110 appellate jurisdiction of the superior court." (emphasis added) (alteration in original) (internal quotation marks omitted) (quoting *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980))).[4] We agree with *Vasquez* that the requirement for notice under RCW 51.52.110 is met when the notice is mailed.

Generally, " 'under Washington law, a party seeking to prove mailing must show (1) an office custom with respect to mailing and (2) compliance with the custom in the specific instance.' " *Scheeler v. Dep't of Emp. Sec.*, 122 Wn. App. 484, 488-89, 93 P.3d 965 (2004) (quoting *Tassoni v. Dep't of Ret. Sys.,* 108 Wn. App. 77, 86, 29 P.3d 63 (2001)). This rule has been applied in administrative law cases when the relevant statute did not specifically outline proof of mailing requirements. *See id.* at 488-89.

As a preliminary matter, Fred Meyer initially moved to dismiss for insufficiency of service under CR 41(b). The superior court did not specify in its written order upon which rule it relied for its ruling. However, because the appropriate rule for Fred Meyer's motion was CR 12(b)(5), we review the superior court's decision for an abuse of discretion.

---

[4] Fred Meyer argues *Vasquez* is not applicable because the mail in that case was ultimately received by the intended parties. However, the eventual receipt by the parties did not appear to be relevant to the court's rationale.

Here, Rugh's evidence meets the requirements to prove mailing as discussed in *Scheeler*; it demonstrates both the standard office customs for his attorney and compliance with those customs in this case. Palmer signed a declaration that explained the standard practice in his office, including that outgoing mail is placed into a bin. Either Rivera or Gutierrez will check each envelope to ensure postage is attached to each envelope, place a rubber band around outgoing envelopes, and drive to the downtown Vancouver post office to mail the outgoing envelopes. Palmer's declaration established the office custom with respect to mailing.

Additionally, both Rivera and Gutierrez declared that the office custom was followed in this case. Rivera recalled copying the notices of appeal, putting the notices in and addressing the envelopes, affixing proper postage, and placing the envelopes in the bin for outgoing mail. Gutierrez declared that she checked the postage of the envelopes, placed a rubber band around the envelopes, drove to the downtown Vancouver post office, and dropped the envelopes in the mailbox. Because Rivera's and Gutierrez' declarations align with the customary practices that Palmer described, Rugh has established compliance with those practices in this instance. Rugh has therefore shown that his notices of appeal were mailed.

Fred Meyer argued to the trial court, and argues again here, that Rugh's proof of mailing is rebutted by the fact that no recipient actually received the notices. But proof of non-receipt, by itself, does not rebut proof of mailing when proof of receipt is not required. *See Wash. Fed. Sav. v. Klein*, 177 Wn. App. 22, 28, 31, 311 P.3d 53 (2013), *review denied*, 179 Wn.2d 1019 (2014). In *Klein*, Division One of this court examined the service requirements of RCW 11.40.020, which governs notice to a decedent's creditors during probate. *Id.* at 24-25. RCW 11.40.020, like the statute at issue here, does not include a proof of receipt requirement and allows notifying the

decedent's creditors by mail. The court rejected the argument that receipt had to be proven, stating, "Had proof of receipt been of concern to the legislature, it could have so provided." *Klein*, 177 Wn. App. at 28. The court determined "[a]ctual notice . . . is accomplished by mailing, without regard to proof of receipt." *Id.*

After concluding proof of receipt was not required by the relevant statute, *Klein* addressed the creditor's argument that evidence of mailing was rebutted by a failure to receive the mailed notices. *Id.* Observing that ordinary mail is "deemed reasonably calculated" to be effective, merely alleging the mail was not received is not enough to rebut proof of mailing. *Id.*

> Under most circumstances, notice sent by ordinary mail satisfies due process because it is deemed reasonably calculated to inform interested parties of an impending action.
>
> . . . .
>
> . . . The fact that mailed notice satisfies due process reflects a judgment that such mistakes are very rare.
>
> So, when a legal assistant declares that she has "given, or caused to have given" a [party] actual notice by mailing, it is reasonable to accept her statement as prima facie proof of mailing. To refute such a declaration, a [party] must do more than swear that the mail never arrived.

*Id.* at 28, 31.

Fred Meyer argues against this conclusion by relying on *Bank of the West v. F & H Farms, LLC*, 123 Wn. App. 502, 98 P.3d 532 (2004). According to Fred Meyer, *Bank of the West* stands for the opposite proposition, that non-receipt *does* rebut proof of mailing. Fred Meyer's reliance on this case is misplaced.

8

In *Bank of the West*, the plaintiff sued the defendant for collection of a debt and moved for summary judgment, serving notice of the hearing to the defendant's attorney by mail. 123 Wn. App. at 503-04. The defendant's attorney did not receive the notice and failed to appear at the hearing. *Id.* at 504. As a result, summary judgment was "effectively granted ex parte." *Id.* at 506. When the defendant's counsel provided a sworn representation that notice of the hearing was never received in the mail, the superior court vacated the summary judgment. *Id.* at 504.

The *Bank of the West* court acknowledged that proof of mailing creates the rebuttable presumption that an item was received. *Id.* at 504. But the court determined that the vacation of the summary judgment was not an abuse of discretion when the lower court factually accepted counsel's sworn representation that the mail was not received. *Id.* at 505-06. The court stated that the underlying legal principles of the summary judgment, given the way it was granted, were the same as for a default judgment, and the court is "very deferential when [it passes] upon a court's decision to set aside a default judgment because [it wants] parties to have an opportunity to defend on the merits." *Id.* at 505.

*Bank of West* is not analogous to this case. First, *Bank of the West* focused on whether there was proof that the mailed item was received, not whether it was actually sent. *See id.* at 504. There was no analysis of how proof of mailing is established. Second, in *Bank of the West*, the motion for summary judgment was essentially granted ex parte, without the defendant's knowledge or an opportunity to defend on the merits. There is no similar consequence for Fred Meyer here. Instead, the opposite is true; Rugh is at risk of his appeal not being heard on the merits.

Here, Fred Meyer's evidence, statements that the notices were not received, do not challenge Rugh's multiple declarations establishing office customs and compliance with those outcomes in mailing notices consistent with *Scheeler*. When there is this unrebutted evidence that the notices were actually mailed as required for service under RCW 51.52.110, mere evidence of non-receipt cannot be used as a basis to deny Rugh the opportunity to have his appeal heard. The superior court's dismissal of Rugh's appeal was an abuse of discretion.

## CONCLUSION

We reverse the superior court's order dismissing Rugh's appeal.[5]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
PRICE, J.

We concur:

_____
CRUSER, A.C.J.

_____
LEE, J.

---

[5] Citing CR 41 and CR 52(a), Rugh also argues that the trial court erred when it did not enter findings of fact and conclusions of law when it dismissed his case. Because we reverse on other grounds, we do not reach this issue.